**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Whitney Lynn Moore, Respondent,

v.

Arthur Rose Moore, III, Appellant.

Appellate Case No. 2016-001920

———————

Appeal From Charleston County
Daniel E. Martin, Jr., Family Court Judge

———————

Unpublished Opinion No. 2019-UP-208
Submitted March 5, 2019 – Filed June 5, 2019

———————

**AFFIRMED**

———————

Margaret D. Fabri, of Charleston, for Appellant.

Timothy E. Madden and Miles E. Coleman, both of
Nelson Mullins Riley & Scarborough, L.L.P., of
Greenville, for Respondent.

———————

**PER CURIAM:** In this family court case, Arthur Rose Moore, III (Husband) appeals the ruling of the Charleston County Family Court finding Whitney Lynn Moore (Wife) correctly calculated the amount she owed Husband per a prior order of the South Carolina Supreme Court related to their divorce. Husband also

appeals the family court's finding that he owed Wife attorney's fees incurred in bringing her motion for a declaratory judgment, bringing her contempt action against Husband, and defending against Husband's own contempt action. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to Husband's argument the family court improperly exercised its jurisdiction by hearing Wife's motion seeking a declaratory action as to the amount Wife owed Husband: S.C. Code Ann. § 15-53-20 (2005) ("Courts of record within their respective jurisdictions shall have power to declare rights, status and other legal relations whether or not further relief is or could be claimed."); S.C. Code Ann. § 15-53-130 (2005) ("This chapter is declared to be remedial. Its purpose is to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations. It is to be liberally construed and administered.").

2. As to Husband's argument Wife improperly offset Husband's debt to her from Wife's debt to Husband: *Gratiot v. U.S.*, 40 U.S. 336, 336 (1841) ("It is but the exercise of the common right, which belongs to every creditor, [t]o apply the unappropriated moneys of his debtors, in his hands, in extinguishment of the debts due to him."); *Butler Contracting, Inc. v. Court Street, LLC*, 369 S.C. 121, 133-34, 631 S.E.2d 252, 259 (2006) (finding South Carolina courts entitle parties owed money to interest on the amount due after any offset of the other party's debt, not to interest on the full amount prior to offset).

3. As to Husband's argument the family court abused its discretion by awarding Wife attorney's fees she incurred in bringing her motion for a declaratory judgment, bringing her contempt action regarding Husband's harassment, and defending against Husband's contempt action: S.C. Code Ann. § 63-3-530 (38) (2010) ("Suit money, including attorney's fees, may be assessed for or against a party to an action brought in or subject to the jurisdiction of the family court."); *Teeter v. Teeter*, 408 S.C. 485, 500, 759 S.E.2d 144, 152 (Ct. App. 2014) ("In deciding whether to award attorney's fees and costs, the court should consider the following factors: (1) the ability of the party to pay the fees; (2) beneficial results obtained; (3) the financial conditions of the parties; and (4) the effect a fee award will have on the party's standard of living."); *Lewis v. Lewis*, 400 S.C. 354, 372, 734 S.E.2d 322, 331 (Ct. App. 2012) (finding when an appellate court reviews the family court's analysis of the relevant factors, the appellant "has the burden of showing error in the family court's findings of fact."). We find the circumstances of Wife and Husband satisfy the factors for awarding attorney's fees to Wife. We also find Husband failed to show any error in the family court's findings of fact.

**AFFIRMED.**[1]

**LOCKEMY, C.J., and SHORT and MCDONALD, JJ. concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.